UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

Thirty-One Thousand Four Hundred Sixty-One Dollars and Seventy-Five Cents ($31,461.75) in U.S. Currency;

Six Thousand Two Hundred Twenty-Four Dollars and Eighty-Seven Cents ($6,224.87) in U.S. Currency;

Miscellaneous Jewelry, Value: $71,165.00;

2023 Chevrolet Tahoe Z71,
VIN # 1GNSKPKD0PR275554

        Defendants *in rem*.
_____/

Civil No.
Honorable Judge:
Magistrate Judge:

# COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Julie A. Beck, Acting United States Attorney for the Eastern District of Michigan, and Kelly E. Fasbinder, Assistant United States Attorney, and states upon information and belief as follows in support of this Complaint for Forfeiture:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881(a)(4) and (6), resulting from a violation or violations of 21 U.S.C. §§ 841(a)(1) and/or 846.

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the United States' claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395 (a)-(b) as the action accrued, and the Defendants *in rem* were found and seized, in the Eastern District of Michigan.

## DEFENDANTS *IN REM*

6. The Defendants *in rem* consist of:

   a. Six Thousand Two Hundred Twenty-Four Dollars and Eighty-Seven Cents ($6,224.87) in U.S. Currency seized by law enforcement officers on or about September 4, 2024;

   b. Thirty-One Thousand Four Hundred Sixty-One Dollars and Seventy-Five Cents ($31,461.75) in U.S. Currency seized by law enforcement officers on or about September 5, 2024;

   c. Miscellaneous Jewelry, Value: $71,165.00, consisting of (1) 10kt white gold franco link chain necklace, 10kt white gold rectangular pendant with diamonds; (1) 14kt yellow gold diamond bracelet set (87) round brilliant cut diamonds; (1) 10kt

        yellow gold franco link necklace, (1) 10kt yellow gold rectangular pendant set with round brilliant cut diamonds; (1) 18kt white gold Rolex Day-Date 40 automatic watch Dark Rhodium stripe motif dial, serial number JA500130, Model 228239; (1) Counterfeit Rolex Submariner automatic watch; and (1) 18kt yellow gold and stainless steel Rolex DateJust Silver "sunray" finish dial, serial number 8L6732K7, seized by law enforcement officers on or about September 5, 2024;  and

    d.    2023 Chevrolet Tahoe VIN #1GNSKPKD0PR275554 seized by law enforcement officers on or about September 27, 2024.

7.    The Defendants *in rem* are currently in the custody of the United States Marshals Service.

## STATUTORY BASIS FOR CIVIL FORFEITURE

8.    Title 21 United States Code, Section 841(a)(1) prohibits the knowing or intentional manufacture, distribution, or dispensation, or possession with intent to manufacture, distribute, or dispense, a controlled substance.

9.    Title 21 of the United States Code, Section 846 criminalizes any attempt or conspiracy to commit a violation of the Controlled Substances Act.

10.    Civil forfeiture is authorized by 21 U.S.C. § 881(a), which provides, in pertinent part, that, "[t]he following shall be subject to forfeiture to the United States and no property right shall exist in them:" all conveyances, including vehicles, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and "[a]ll moneys, negotiable instruments, securities, or other things of value furnished

or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter." 21 U.S.C. § 881(a)(4) and (6).

## FACTUAL BASIS IN SUPPORT OF FORFEITURE

10. The Defendants *in rem* are forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(4) as a vehicle used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, and pursuant to 21 U.S.C. § 881(a)(6) as money and other things of value furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, or intended to be used to facilitate any violation of Title 21. Evidence supporting this forfeiture includes, but is not limited to, the following:

    a. On September 4, 2024, Defendant *in rem* Tahoe was parked in front of a residence in Detroit.

    b. The same day, law enforcement officers saw Michael Bennett (Bennett) arrive at the residence in Detroit in a white 2016 Ford F-150, move a large black bag from the trunk of the Defendant *in rem* Tahoe, put it into the rear seat of the F-150, and then drive away in the F-150.

c. Minutes later, law enforcement officers conducted a traffic stop of Bennett in the F-150.

d. Bennett was the registered owner and driver, and the lone occupant of the F-150.

e. A K-9 alerted on the F-150 for the presence of narcotics and law enforcement officers recovered a large black bag that was sitting in plain view on the back seat of the F-150.

f. Approximately 25, kilogram sized bricks of cocaine were found inside the bag, a Schedule II controlled substance.

g. Bennett was arrested for Possession with Intent to Distribute Controlled Substances.

h. During Bennett's arrest, Defendant *in rem* U.S. Currency totaling $6,224.87 was seized from the center console of the F-150 and from Bennett's person.

i. On September 4, 2024, law enforcement officers searched two storage units in Southfield, Michigan known to be utilized by Bennett.  Officers found materials related to drug trafficking, including a suspected kilogram press, drug packaging, a heat sealer (suspected of being utilized to package drugs), a digital scale, and cutting agents.

  j. On September 5, 2024, law enforcement officers searched Bennett's residence in Novi, Michigan. Officers found materials related to drug trafficking, including an electronic heat sealer (suspected of being utilized to package drugs), an electronic money counter, and suspected drug packaging.

  k. During the search of Bennett's residence, officers also found and seized Defendant *in rem* $31,461.75 in U.S. Currency and Defendant *in rem* Assorted Jewelry, Valued at $71,165.00.

  l. On September 27, 2024, law enforcement officers executed a federal seizure warrant to seize the Defendant *in rem* Tahoe, authorized by United States Magistrate Judge Patricia T. Morris of the Eastern District of Michigan.

## CLAIM

11. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 10 above, including their subparts.

12. The Defendant *in rem* Tahoe is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4) as a vehicle used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances.

13. Defendant *in rem* Tahoe, $6,224.87 in U.S. Currency, $31,461.75 in U.S. Currency, and Miscellaneous Jewelry, Value: $71,165.00 are forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6) as money and other things of value furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, or intended to be used to facilitate any violation of Title 21.

## **CONCLUSION AND RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court issue a warrant for arrest of the Defendants *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendants *in rem* condemned and forfeited to the United States for disposition according to law; and that the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JULIE A. BECK
Acting United States Attorney

S / Kelly Fasbinder
Kelly Fasbinder (P80109)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3211
(313) 226-9520
Dated: February 24, 2025         Kelly.Fasbinder@usdoj.gov

## **VERIFICATION**

I, Nicholas Daly, state that I am a Special Agent with the United States Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

_____
Nicholas Daly, Special Agent
U.S. Drug Enforcement Administration

Dated: February 14, 2025